UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT MAZIARZ | : | CIVIL ACTION NO. |
| | : | 3:10-CV-2029 JCH |
| Plaintiff | : | |
| v. | : | |
| | : | |
| HOUSING AUTHORITY OF THE TOWN OF VERNON | : | |
| | : | |
| Defendant | : | AUGUST 9, 2011 |

### OBJECTION TO PLAINTIFF'S MOTION TO COMPEL

Pursuant to the Federal Rules of Civil Procedure, Defendant Housing Authority of the Town of Vernon submits its opposition to Plaintiff's Motion to Compel Responses to Plaintiff's Interrogatories and Requests for Production, which is dated July 15, 2011.

I.   BACKGROUND

This action was commenced by Plaintiff Robert Maziarz against the Housing Authority of the Town of Vernon (hereinafter "VHA"). The VHA is a quasi-public agency that receives state and federal funds to operate and manage subsidized housing in Vernon, Connecticut. Plaintiff is a person with a disability and as such is eligible for tenancy in the VHA's senior and disabled housing. Plaintiff applied to the VHA for an apartment. He was determined eligible for housing the VHA and his application for tenancy was approved to on September 21, 2009.

On December 23, 2010, Plaintiff commenced his action against VHA alleging that VHA has discriminated against "people with disabilities in the provision of housing and housing services and acess to government benefits and programs" by "inquiring into disability status beyond what is necessary to determine eligibility for housing,

requiring applicants to meet an independent living requirement and requiring applicants and residents to secure sponsors for their tenancies . . . " (Complaint, ¶ 1.)  Plaintiff alleges that before he could execute a lease and take possession of an apartment, Defendant required him to execute a "Personal Care Sponsor Agreement" that required the applicant to "verify his/her personal health condition is favorable for self-maintenance and independent living." (Complaint, ¶ 16.)  Plaintiff alleges that Defendant required a sponsor to agree to guarantee the applicant's rental payments and assist in relocating if Defendant deemed appropriate. (Complaint, ¶ 18.)  Plaintiff also alleges that the agreement further requires the applicant to permit the sponsor to: enter the apartment; meet with Defendant to determine the level of care that may be needed by the applicant; discuss any situation that arises concerning the tenant that requires clarification or action; and acess and obtain applicant's financial information. (Complaint, ¶ 19.) Plaintiff claims that he did not want to sign the document, however, because he was homeless at the time, he signed the document and secured a sponsor "in order to rent an apartment." (Complaint, ¶ 20.) He alleges that "[a]s a result of the VHA's discriminatory actions, Mr. Maziarz has suffered severe emotional distress and violation of his civil rights." (Complaint, ¶ 21.) Plaintiff seeks to represent a class of persons who are "similiarly situated." (Complaint, ¶ 1.)

Plaintiff's complaint is brought in two counts.  In the first count, Plaintiff alleges that Defendant violated his rights (and the rights of members of the proposed class) under Fair Housing Act, 42 U.S.C. § 3601, et seq., and related regulations, by:  a) making unavailable or denying dwellings to persons because of their disability status; b) discriminating on the basis of disability status on the terms, conditions, or privileges of

the rental of a dwelling; c) making discriminatory statements indicating a preference based on disability; and d) interfering with fair housing rights. (Complaint, ¶ 30.)

In the second count, Plaintiff alleges that Defendant violated Title II of the Americans with Disabilities Act 42 U.S.C. § 12132 by subjecting individuals with disabilities to discrimination in the provision of its services and programs. (Complaint, Doc. 1, ¶ 32.) Plaintiff seeks injunctive and declaratory relief, as well as compensatory and punitive damages, on behalf of himself and members of his proposed class, for "the economic loss, humiliation, embarrassment, physical and emotional distress and mental anguish" he alleges was caused by Defendant. (Complaint, Doc. 1, ¶ 32.)

On July 22, 2011, Plaintiff filed his Motion for Class Certification asking the Court to certify "the plaintiff class in this action consisting of: All current and former residents of the Housing Authority of the Town of Vernon's senior-disabled housing who were required to certify their ability to live independently and comply with the requirements of the Personal Care Sponsor Agreement as a condition of their tenancy from December 23, 2008 until the present." (Motion for Class Certification, Doc. 23, pg. 1.)

On July 15, 2011, Plaintiff filed his motion to compel responses to his interrogatories and requests for production, to which Defendant now responds.

II.   LAW AND ARGUMENT

A.   *Legal Standard for Motion to Compel*

Federal Rule of Civil Procedure 26(b)(1) defines the appropriate scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action . . . All discovery is subject to the limitations imposed by

Rule 26(b)(2)(C)." "Relevance" under Rule 26 "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978); <u>Thomas E. Hoar, Inc. v. Sara Lee Corp.</u>, 882 F.2d 682, 687 (2d Cir. 1989) (holding that "the broad scope of discovery delimited by the Federal Rules of Civil Procedure is designed to achieve disclosure of all the evidence relevant to the merits of a controversy"); <u>see also</u> <u>Barrett v. City of New York</u>, 237 F.R.D. 39, 40 (E.D.N.Y. 2006) (noting that the information sought "need not be admissible at trial to be discoverable").

The "right of litigants to discover and present relevant evidence in civil litigations is given great weight in federal courts." <u>Apicella v. McNeil Labs.</u>, 66 F.R.D. 78, 82 (E.D.N.Y. 1975). However, "[t]he party seeking the discovery must make a prima facie showing, that the discovery sought is more than merely a fishing expedition." <u>Evans v. Calise</u>, No. 92-cv-8430, 1994 U.S. Dist. LEXIS 6187, 1994 WL 185696 at *1 (S.D.N.Y. May 12, 1994); <u>United States v. International Bus. Mach. Corp.</u>, 66 F.R.D. 215, 218 (S.D.N.Y. 1974) (burden is on moving party to establish relevance). In his motion to compel, Plaintiff seeks to compel responses to interrogatories and requests for production to which Defendant has registered its objections. Defendant now addresses each of these six contested objections below.

B. *The Court should sustain Defendant's objection to producing any information that is protected by the attorney-client privilege and/or work product doctrine, as well as its objection to the disclosure of any information related to a nonwitness expert pursuant to Rule 26(b)(4) as these objections are proper.*

Plaintiff asks the Court to overrule Defendant's limited objections to producing information in response to Interrogatories 13, 14 and 15, regarding facts upon which

Defendant bases its denial of certain of Plaintiff's allegations in his complaint.[1] (Motion to Compel, pg. 2.)

Defendant objected on several grounds. Defendant objected to this interrogatory "to the extent it seeks information that is protected by the attorney-client privilege and/or work product doctrine . . ." Plaintiff asserts that he is entitled to non-privileged information. (Supra.) Defendant has no contention with this assertion—Defendant's objection is already confined to privileged information. However, Plaintiff goes on to request that Defendant be required to produce any information that is privileged. (Supra, pg. 3)("Defendant's objections on the basis of attorney-work product or privilege are wholly without merit and Defendant should be ordered to provide responses to these interrogatories.") Factual investigations conducted by an attorney or the attorney's agent are protected by privilege. Gucci Am., Inc. v. Guess?, Inc., 271 F.R.D. 58, 71 (S.D.N.Y. 2010). Rule 26(b)(3) of the Federal Rules of Civil Procedure provides that a party may obtain documents prepared in anticipation of litigation or for trial or by an attorney or his agent, "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Even with such disclosure, "the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Grossman v. Schwarz, 125 F.R.D.

---

[1] In a second set of requests for production, Plaintiff requested "any documents that relate" to Defendant's responses to these same Interrogatories. Defendant raised the same limited objections to these requests for production. Any ruling that applies to Interrogatories 13, 14 and 15 could apply also apply to the requests for production, particularly to documents covered by the work product doctrine.

376,388 (1979), citing Rule 26.  The attorney-client privilege applies to confidential communications between attorney and client relating to legal advice.  <u>Colton v. United States</u>, 306 F.2d 633, 637 (2d Cir. 1962), cert. denied, 371 U.S. 951, 9 L. Ed. 2d 499, 83 S. Ct. 505 (1963).

There are not any "hidden" facts here.  The plaintiff made an application; the normal process fully described in the interrogatory responses was followed, as is done for every other senior-disabled application.  Forms were signed.  All this information is contained in the plaintiff's file that has been disclosed.

The undersigned has learned these facts from his client and its employees and from reading the plaintiff's file.  Counsel then formulated defenses and theories for trial based on these facts and used that particular information from the client to admit or deny allegations in the complaint.  These three interrogatories seek precisely the facts that counsel has considered in answering the allegations of the complaint and for basing the denial of paragraphs 16, 17 and 26.  The thought process of counsel and the particular issues and facts considered by counsel to answer allegations of the complaint should be protected.  If the facts used for the denial of these allegations is revealed, it specifically and pointedly discloses facts counsel used in his role as counsel.  This is a protected process.  The plaintiff can and has discovered all the facts and he can further that effort by deposing VHA employees.  What he cannot do is discover the facts *counsel* used to deny allegations because that inquiry is made to counsel and is protected by the work product doctrine..

C.    <u>The Court should sustain Defendant's objection to producing all Current Leases Personal Care Sponsor forms on the ground that the request is overly broad and not relevant to the allegations of Plaintiff's Complaint.</u>

"Disclosure should not be directed simply to permit a fishing expedition." United States v. Berrios, 501 F.2d 1207, 1211 (2d Cir.1974). It is incumbent upon Plaintiff to provide the necessary linkage between the discovery sought and the claims brought and/or defenses asserted in the case. See Contemporary Mission, Inc. v. United States Postal Service, 648 F.2d 97, 107 (2d Cir. 1981) ("Where a plaintiff fails to produce any specific facts whatsoever to support an . . . allegation, a district court may, in its discretion, refuse to permit discovery. . . .").

The plaintiff states that he needs the actual leases because "Plaintiff is entitled to discovery relating to whether Defendant's **denials** are accurate." There are no "denials." The leases and the Personal Care Sponsor forms ("PCS forms") used over the years have been provided. They are all the same for any given period. it is conceded that the terms about the PCS contained in these forms are in the actual leases and PCS forms signed by respective tenants. All other residents are subject to the terms of the lease form each signed. Therefore, there is no need to check the actual lease.

A chart demonstrating that PCS forms have been signed by the overwhelming majority of tenants has been provided; it is the Group G documents in the voluminous disclosure sent to the plaintiff's counsel on July 15. The chart contains 24 pages of information demonstrating the consistent use of the PCS form for years, and the HUD mandated form requiring the VHA to offer a sponsorship arrangement to tenants since its inception in 2009 (before the time of application of the plaintiff – he has signed the HUD form twice).

The chart also reveals that a few tenants have refused to sign either the VHA form or the HUD form or both – with no adverse consequences. The "refusers" are

tenants and have all concomitant benefits and privileges.

The plaintiff claims that all these tenants may have discoverable information and may be witnesses. The fact is that federal law mandates that the VHA and all other housing authorities offer tenants the option of appointing a Personal Care Sponsor (42 USC 13604). That option has been extended to all and accepted by over 98% of the tenants. The plaintiff has all the information he needs and has not demonstrated any good reason for obtaining all the leases and PCS forms.

D.  *The Court should sustain Defendant's objection to producing all leases and Personal Care Sponsor forms on the ground that these documents are protected from open disclosure by federal law.*

Plaintiff contends that the Personal Care Sponsor forms and leases he seeks are not protected from open disclosure as Defendant argues. One of the statutes cited by Defendant is 5 U.S.C. 552a, also known as The Privacy Act of 1974. As a recipient of federal housing funds, Defendant is an agent of the Department of Housing and Urban Development ("HUD") and is subject to HUD regulations that implement the Privacy Act. 48 C.F.R. 2424.103. Requests for information about an individual that are from anyone other than the individual are prohibited from disclosure. 24 C.F.R. part 16.11. In this matter, disclosure can only be had by order of the court. 24 C.F.R. part 16 (a)(11).

Plaintiff contends that the other source for Defendant's privacy concerns, 42 U.S.C. 13604, does not apply. Plaintiff's contention is incorrect because the supplemental application form, to which the statute applies and a copy of which is attached to his motion to compel, contains the same key information set forth in the Personal Care Sponsor forms that are sought by Plaintiff. Plaintiff cannot circumvent the protections afforded by statute simply asking for the same information that is provided in

a different form.

E. <u>The Court should sustain Defendant's objection to producing all Personal Care Sponsor forms on the ground that Plaintiff's claims are only relevant for any possible claims that arise within the statute of limitations period.</u>

The Group G chart reveals that many of these leases (over 68%) were signed more than two years ago. Therefore, any persons whose leases "required" PCS forms lost any cause of action long ago. When a lease was signed more than two years ago. The issue here is not whether or not the VHA offers the PCS concept to aid in tenant communication and assistance; the VHA does so. The question is whether or not it is discriminatory despite its mandate by federal law.

F. <u>The Court should sustain Defendant's objection to producing all Personal Care Sponsor forms from Defendant's other programs on the ground that the request is not relevant to the allegations of Plaintiff's Complaint.</u>

Nowhere in his complaint does the plaintiff claim that he was treated differently from any otpher tenant or prospective tenant for senior-disabled housing. It is conceded that the plaintiff claims that his rights and those of other applicants to the same program (senior-disabled housing) were violated.

Nowhere in his complaint does the plaintiff claim that he was treated differently from any other tenant or prospective tenant for other housing programs provided by the VHA. Therefore, since the complaint does not claim any such discrimination, these requests are well beyond the scope of the complaint. In the <u>E.E.O.C.v. Ford Motor Credit</u> case cited by the plaintiff, the issue involved discriminatory employment practices by one employer. The information sought was promotion information of employees in a particular time period at a particular location. The court stated, at 26 F.3rd 47: "Essential to Sorsby's claim is that she has been treated differently that similarly situated men."

The plaintiff has not made an allegation of different treatment. It is not a "central question" in this case because the plaintiff has not raised the issue. The application of the "similarly situated" standard limits this inquiry to senior-disabled housing, not every other program the VHA administers. Only those tenants in the same program are "similarly situated."

The Marable case is also inapplicable. That case involved a claim of discrimination based on race and the court compared credit applications of white applicants for housing with the plaintiff's application and determined race was a factor in turning down the plaintiff's application. There were no different programs; all the applications were for the same group of housing units. There was no comparison of different housing programs in the Marable case.

Conclusion:

For the reasons set forth above, the Defendant's objections to these interrogatories and production should be sustained.

THE DEFENDANT
HOUSING AUTHORITY OF THE TOWN OF VERNON

By: _____
Kevin A. Coles, Esq.
Coles, Baldwin & Kaiser, LLC
1261 Post Road, PO Box 577
Fairfield, CT 06824
Phone: (203) 319-0800
Fax: (203) 319-1210
Federal Bar No. 04350
Email: kcoles@cbklaw.net

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT MAZIARZ | : | CIVIL ACTION NO. |
| | : | 3:10-CV-2029 JCH |
| Plaintiff | : | |
| v. | : | |
| | : | |
| HOUSING AUTHORITY OF THE TOWN OF VERNON | : | |
| | : | |
| Defendant | : | AUGUST 9, 2011 |

## CERTIFICATE OF SERVICE

I hereby certify that on August 09, 2011, a copy of foregoing Objection to Motion to Compel was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court=s electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court=s CM/ECF System.

_____
Kevin A. Coles