```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT


ROBERT MAZIARZ, INDIVIDUALLY    :
AND ON BEHALF OF ALL            :
OTHERS SIMILARLY SITUATED       :
                                :
V.                              :         CIV. NO. 3:10CV2029 (JCH)
                                :
HOUSING AUTHORITY OF THE        :
TOWN OF VERNON                  :
```

RULING ON PLAINTIFF'S MOTION TO COMPEL [DOC. # 19]

Pending before the Court is plaintiff Robert Maziarz's motion to compel responses to his interrogatories and requests for production [doc. # 19]. A discovery telephone conference was held on August 10, 2011, at which the parties asked the Court to rule on the papers. After careful consideration, the Court rules as follows.

**BACKGROUND**

Plaintiff brings this action against the Housing Authority of the Town of Vernon under the Fair Housing Amendments Act and Title II of the Americans with Disabilities Act. Plaintiff, who has pending before the Court a motion for class certification, alleges that the housing practices of the Housing Authority, which inquired into an applicant's disability status and required applicants to secure personal care sponsors, unlawfully discriminated on the basis of disability. Defendant has denied the allegations of wrongdoing and has affirmatively asserted that plaintiff knew he had the right to refuse the option of providing information regarding an additional contact person, and that plaintiff elected to provide this information.

1

In his motion, plaintiff seeks an order to compel responses to plaintiff's interrogatories Nos. 13, 14 and 15 and documents responsive to plaintiff's Requests for Production Nos. 7, 8, 9, 10, 11, and 12, which he claims are relevant and likely to lead to the discovery of admissible evidence.

**STANDARD OF REVIEW**

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery.  Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery.  See Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).

**Plaintiff's Interrogatories Nos. 13, 14 and 15**

> Interrogatory No. 13 asks defendant to "[S]tate all facts upon which you base your denial of the allegation in paragraph 16 of the complaint."

> Interrogatory No. 14 asks defendant to "[s]tate all facts upon which you base your denial of the allegation in paragraph 17 of the complaint."
>
> Interrogatory No. 15 asks defendant to "[s]tate all facts upon which you base your denial of the allegation in paragraph 26 of the complaint."

Defendant's objections, based on attorney-client privilege, work product protection and Rule 26(b)(4), are misplaced. In the first instance, Federal Rule of Civil Procedure 33(a)(2) provides that an "interrogatory may relate to any matter that may be inquired into under Rule 26(b)", thus incorporating the limitations on a party's ability to obtain attorney-client privileged information or work product through an interrogatory.

Second, the rule expressly provides that interrogatories may inquire into the factual basis for particular allegations. See Fed. R. Civ. P. 33(a)(2) ("interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact"); see also Thermospas, Inc v. AOC LLC, 2007 WL 4105285 (D. Conn. Nov. 16, 2007) (HBF).  The responses sought in interrogatories 13, 14 and 15 -the factual basis for the denial of an allegation-  are permissible areas of inquiry under the rules of discovery, subject to the scope limitations in Rule 26(b). As such, defendant's objections are overruled.

 To be clear, the attorney-client privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney. See Upjohn Co. v. United States, 449 U.S. 383, 395-396 (1981); In re Six

3

Grand Jury Witnesses, 979 F.2d 939, 944 (2d Cir. 1992). Similarly, the work product protection only protects against the disclosure of "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation" and not the underlying facts, which is what plaintiff seeks to discover. Defendant shall provide plaintiff with full responses within ten (10) days of this order.

**Plaintiff's Request for Production Nos. 7, 8, 9, 10, 11 and 12**

>Request No. 7 seeks "all leases for all current tenants of Defendant's senior-disabled housing".
>
>Request No. 8 seeks "any and all Personal Care Sponsor forms executed by any current tenants of Defendant's senior-disabled housing".

Defendant objects to these requests, stating that they are irrelevant and beyond the scope of the allegations, that they seek documents outside the relevant time period and that they seek information that cannot be disclosed under state and federal privacy laws.  Plaintiff argues that the leases of other tenants of the senior-disabled housing are relevant to ascertain whether other leases contain the allegedly discriminatory terms in his lease regarding securing sponsors and ability to live independently. As to the Personal Care Sponsor forms, plaintiff argues that he seeks to ascertain which, if any, of the tenants executed this form.

Defendant's privacy objections pursuant to federal law are

4

without merit.[1] 42 U.S.C. § 13604 refers to the protection of confidential personal information for the family member, friend, or social, health, advocacy, or other organization which the tenant may designate on the application for federally assisted housing. It does not encompass information regarding the identity of the tenant. To the extent there is information on the Personal Care Sponsor form that is arguably covered by 42 U.S.C. § 13604, it may be redacted, as plaintiff is seeking only the names of the tenants who signed these forms. And, as to FOIA, the Housing Authority is not a federal agency subject to FOIA. See McCaslin v. Campbell, 108 F.3d 1382 (8th Cir. 1997) (affirming lower court's dismissal of FOIA claim against Housing Authority because, *inter alia,* Housing Authority not a federal agency).

Lastly, the documents requested are likely to lead to admissible evidence and are not foreclosed from discovery under the statute of limitations, given the allegations of a continuing violation. [Doc. # 1, Complaint, ¶ 30 "VHA's practices, procedures and actions, as described above, have violated and continue to violate the rights of Plaintiff and the members of the class [. . .]".]. Defendant's objections are overruled, defendant shall produce all leases that contain same or similar lease terms as plaintiff's regarding sponsors and ability to live independently.

---

[1] No citations to specific state privacy laws have been provided. However, Connecticut FOIA does not affect or limit discovery rights. See C.G.S. § 1-213; Chief of Police, Hartford Police Department v. Freedom of Information Commission, 252 Conn. 377 (2000).

Request No. 9 seeks "the leases for all current tenants of Defendant's scattered site housing".

Request No. 10 seeks "any Personal Care Sponsor forms executed by tenants of Defendant's scattered site housing".

Request No. 11 seeks "the leases for all current tenants of Defendant's congregate living housing".

Request No. 12 seeks "any Personal Care Sponsor forms executed by any current tenants of Defendant's congregate living housing".

Defendant asserts the same privacy and statute of limitation objections asserted for Request Nos. 7 and 8. For the reasons stated above, these objections are overruled. Additionally, defendant objects stating they are beyond the scope of plaintiff's allegations which, defendant claims, are limited to discrimination in the senior-disabled housing project. Plaintiff counters that documents from the congregate and scattered site housing projects are relevant to whether defendant and the purported class were subjected to differential treatment because of disability.

Claims of intentional discrimination, i.e., disparate treatment, under the Fair Housing Act are analyzed under the Title VII burden shifting standard set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Lynn v. Village of Pomona, 373 F. Supp. 2d 418, 428 (S.D.N.Y. 2005). This involves an analysis of differential treatment of similarly situated groups. Id. Based upon the representations of plaintiff, that the residents of the scattered site housing project are families that do not have elderly or disabled tenants, the Court agrees with plaintiff that they are a

6

proper comparator group. With respect to the congregate housing, the Court has no information concerning the composition of the tenants in this group. Therefore, the Court reserves ruling on Requests 11 and 12 relating to congregate housing.

Accordingly, defendant's objections with regard to Request 9 and 10 are overruled. Defendant may redact confidential personal information on the Personal Care Sponsor forms regarding the identified sponsors.  As to Requests Nos. 11 and 12, plaintiff shall file a supplement,  containing only a description of the composition of the tenants in the congregate housing. No further argument or law will be entertained by the Court.

**CONCLUSION**

For the reasons set forth herewith, plaintiff's Motion to Compel **[doc. # 19]** is **GRANTED IN PART AND DENIED IN PART**. Defendant shall respond to the discovery ordered within ten (10) days of this order. Plaintiff shall file the supplement regarding congregate housing within five (5) days of this order, or otherwise waive any claim to Requests Nos. 11 and No. 12.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 29th day of September 2011.

                                    **/s/**
                            **HOLLY B. FITZSIMMONS**
                            **UNITED STATES MAGISTRATE JUDGE**