UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT MAZIARZ, Individually and on behalf of all others similarly situated | : : : | CIVIL ACTION NO. 3:10-CV-2029 (JCH) |
| Plaintiffs, | : : | |
| | : | MARCH 13, 2012 |
| v. | : : | |
| HOUSING AUTHORITY OF THE TOWN OF VERNON | : : | |
| Defendant. | : | |

**RULING RE: DEFENDANT'S MOTION FOR RECONSIDERATION (Doc. No. 83)**

A Motion for Reconsideration may be granted where the movant demonstrates: 1) an intervening change in controlling law; 2) the availability of newly discovered evidence; or 3) the need to correct clear error or prevent manifest injustice.  Local Rules of Civ. P. 7(c); Virgin Atl. Airways , Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).  "[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." Virgin Atl. Airways, 956 F.2d at 1255 (quoting Zdanok v. Glidden Co., 327 F.2d 944, 953 (2d Cir. 1964)).  The VHA's arguments, that Maziarz failed to present adequate evidence of discriminatory intent, and that Maziarz failed to show that the class members are members of a protected group, were presented to the court in the VHA's briefing regarding its Motion for Summary Judgment and the plaintiff's Motion for Class Certification.  As such, the court has already considered these arguments.  The VHA fails to point to any circumstances which warrant reconsideration under the established standard.  Accordingly, the court denies defendant's Motion for Reconsideration (Doc. No. 83).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 13th day of March, 2012.

      /s/ Janet C. Hall
Janet C. Hall
United States District Judge